UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODNEY J. BLACKMAN, *et al.*,
          Plaintiffs,
    v.
PARK WEST GALLERIES, INC., *et al.*,
          Defendants.

Case No. C08-1310RSL

ORDER DENYING MOTION TO TRANSFER VENUE AND STAYING DISCOVERY

This matter comes before the Court on "Defendants Park West Galleries, Inc. and Fine Art Sales, Inc.'s Motion Pursuant to 28 U.S.C. §§ 1404(a) or 1631 to Transfer to the Southern District of Florida." Dkt. # 45. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds that defendants have not met their burden of showing that the overall convenience of the parties and witnesses, in the interests of justice, weighs in favor of transferring the above-captioned case to the United States District Court for the Southern District of Florida. Concerns regarding judicial efficiency and the possibility of

---

[1] The law firm of Mills Meyers Swartling represents all of the remaining defendants. Given the existence of a consolidated defense team, the Court does not approve of defendants' tactical decision not to address Holland America's request to sever when Park West and Fine Art Sales filed their motion to transfer. Nevertheless, the Court has considered all of the memoranda submitted by the parties, including plaintiffs' sur-reply (Dkt. # 92). The Court is, however, concerned regarding potential conflicts in this matter: the fact that the same law firm filed a motion and an opposition thereto is highly unusual and suggests that the clients' interests may not be adequately aligned.

ORDER DENYING MOTION TO TRANSFER
VENUE AND STAYING DISCOVERY

conflicting rulings can best be addressed through a temporary stay of discovery in this matter.

Plaintiffs allege that defendant Park West and its closely-affiliated company, Fine Art Sales, engaged in a scheme to misrepresent the authenticity and value of artwork sold on cruise ships. Defendants HSBC (an issuer of private-label credit cards) and Holland America (the cruise line on which plaintiff Blackman sailed) are accused of having participated in, furthered, and benefitted from the scheme. Plaintiffs assert claims of unjust enrichment, consumer protection act violations, and Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962(C)) violations against most of the defendants. In addition, breach of contract and breach of warranty claims are asserted against defendants Park West and Fine Art Sales.

**I. TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

Section 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving parties have the burden of showing that the overall convenience of the parties and witnesses, in the interests of justice, weighs in favor of transferring the above-captioned case to the United States District Court for the Southern District of Florida. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

Section 1404(a) is the statutory equivalent of the common law doctrine of *forum non conveniens* where the alternative forum is within the territory of the United States. Ravelo Monegro v. Rosa, 211 F.3d 509, 512-13 (9th Cir. 2000). "[T]he central focus of the *forum non conveniens* inquiry is convenience . . . ." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 248-49 (1981). Generally, "a plaintiff's choice of forum should rarely be disturbed. However, when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound

discretion, dismiss the case." Piper Aircraft, 454 U.S. at 241 (citations omitted).

Under both the *forum non conveniens* and venue doctrines, the Court must make an individualized, case-by-case determination of convenience and fairness when considering a change in venue. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Factors that may be considered include: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Other relevant considerations drawn from the traditional *forum non conveniens* analyses are (9) the pendency of related litigation in the transferee forum, (10) the relative congestion of the two courts, and (11) the public interest in local adjudication of local controversies. Decker Coal, 805 F.2d at 843.

**A. District in Which the Action "Might Have Been Brought"**

There is no real dispute regarding the availability of the Southern District of Florida as an alternative forum. The moving parties acknowledge that they are subject to personal jurisdiction in that district for purposes of 28 U.S.C. § 1391(a)(3), and Park West is currently defending a similar suit there. Plaintiffs do not contend that all defendants reside in the same state or that a substantial part of the events giving rise to their claims occurred in any other judicial district. The Court therefore finds that this action could have been brought in the Southern District of Florida.

**B. Individualized Determination of Convenience and Fairness**

1. Location of Relevant Events

The misrepresentations and high-pressure sales tactics that are the gravamen of

ORDER DENYING MOTION TO TRANSFER
VENUE AND STAYING DISCOVERY            -3-

plaintiffs' complaint occurred in international waters. Entities doing business in Washington and Florida are alleged to have participated in and/or benefitted from the scheme, but it does not appear that any liability-generating events occurred in these states.[2] Because neither Washington nor Florida has a strong connection to these event alleged, this consideration is neutral and does not support a transfer.

2. Familiarity with Governing Law

Plaintiffs have alleged violations of various state consumer protection acts, including the Washington Consumer Protection Act and the Florida Deceptive and Unfair Trade Practices Act. Both courts are equally capable of adjudicating the federal and common law claims asserted, and each has a slight advantage in interpreting and applying the statute of its own state. This consideration is therefore neutral and does not support a transfer.

3. Plaintiffs' Choice of Forum

This factor is generally given great weight: there is a presumption that plaintiff's choice of forum will not be disturbed absent a strong showing that the convenience of the parties and/or the interests of justice warrant a transfer. Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1180 (9th Cir. 2006). Where plaintiffs have virtually no interest in the forum, however, the balance of interests is more easily tipped in favor of a transfer. In this case, neither plaintiff resides in Washington, none of the events giving rise to the claims occurred here, and Washington's interest in the parties or the subject matter is extremely attenuated. In addition, plaintiffs have initiated this action on behalf of a nationwide class. All of these circumstances reduce the weight given to plaintiffs' choice of forum. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

---

[2] At oral argument, plaintiff's counsel stated that operative events occurred in Washington, an assertion that apparently rests on the alleged existence of a profit-sharing agreement between Holland America and Park West. There are no allegations in the First Amended Class Action Complaint regarding the negotiation or execution of the alleged agreement, however, and the Court will not assume that liability-generating events occurred here.

ORDER DENYING MOTION TO TRANSFER
VENUE AND STAYING DISCOVERY        -4-

Nevertheless, plaintiffs' choice of forum was not random: it was prompted by the forum selection clause in defendant Holland America's cruise contract with plaintiff Blackman.[3] Forum selection clauses "should receive neither dispositive consideration . . . nor no consideration . . ." when determining whether a transfer of venue is appropriate under § 1404(a). Stewart Org., 487 U.S. at 31. Rather, the effect of such clauses and the policy reasons for enforcing them[4] should be evaluated among the other factors considered by the Court. Id. In this case, Blackman and the Holland America defendants have already determined that suit in this district is appropriate. As Blackman anticipated, Holland America seeks to enforce the forum selection clause and argues that if the Court were inclined to grant the motion to transfer, a severance of all claims against Holland America would be necessary. See Dkt. # 71. Such a severance would be legally and practically challenging, however. Plaintiffs have asserted a RICO claim against all defendants: litigating a claim of concerted action without all of the defendants present would be challenging, if not impossible. Even if it could be done, a transfer of only part of this case would create duplicative proceedings related to the same underlying events, thereby reducing judicial efficiency.

---

[3] Mr. Blackman was the only named plaintiff on the original complaint.

[4] In Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94 (1991), the Supreme Court explained:

Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different fora. Additionally, a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions. Finally, it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued.

(internal citations omitted).

In the circumstances presented here, the Court finds that plaintiffs' choice of the forum mandated by Blackman's contract with Holland America is entitled to significant weight. This consideration strongly favors Washington.

4. Parties' Contacts with the Forum

Plaintiffs have not asserted any notable contacts with Washington or Florida. Two of the six defendants have their corporate offices in Seattle, suggesting daily and extensive contacts in that forum. The other four defendants are presently or have recently conducted business here in varying amounts. Florida, on the other hand, was the site of defendant Fine Art Sales before it ceased operations: the other five defendants all do business in Florida, with Park West having a greater presence in that state than in Washington. On the whole, the balance of contacts is fairly even: this consideration is neutral and does not support a transfer.

5. Contacts Relevant to this Dispute

Neither Florida nor Washington has significant contacts with this dispute. The only known contact involves plaintiff Kean, who boarded and disembarked from her cruise ship in Florida. It is also possible, though far from certain, that the Holland America defendants communicated with Park West from their Seattle offices and that one or more of the offending art pieces was shipped from Florida. This consideration weighs slightly in favor of transfer.

6. Cost of Litigation

The Court has no information regarding the comparative costs of litigation in Washington and Florida. Park West and Fine Art Sales have failed to show that this consideration favors transfer.

7. Availability of Compulsory Process

Park West and Fine Art Sales have their principal places of business in Michigan. It is not clear whether Florida or Washington can compel the attendance of non-party witnesses associated with these defendants or the cruise line employees who may have observed the art

ORDER DENYING MOTION TO TRANSFER
VENUE AND STAYING DISCOVERY         -6-

sales and subsequent interactions. Park West and Fine Art Sales have failed to show that this consideration favors transfer.

8. Access to Sources of Proof

Now that Fine Art Sales has ceased operations, it is not clear whether any documents or witnesses related to the alleged fraud are located in Florida. Plaintiffs are located in Illinois and Kentucky. Park West and Fine Art Sales are located in Michigan (if anywhere). The HSBC defendants are in Nevada, Delaware, and/or Illinois, with nationwide operations. Although Park West has indicated a preference for traveling to Florida, there is no reason to believe that producing documents and witnesses in Washington rather than in Florida would impose additional burdens on these Michigan defendants. Holland America's corporate headquarters in Washington suggests that more sources of proof reside in this state than in Florida. This consideration favors Washington.

9. Related Litigation

The Southern District of Florida is currently hearing Bouverat v. Park West Gallery, Inc., Cause No. 08-21331. Mr. Bouverat has asserted a class action complaint against Park West alleging that defendant misrepresented the value of art sold on a cruise in violation of the Florida Deceptive and Unfair Trade Practices Act, the contract between the parties, Park West's express warranties, and common law. Bouverat and this litigation will overlap to the extent that the court must determine the nature and scope of its jurisdiction and the propriety of Park West's promotion and sales practices. Mr. Bouverat seeks to represent a class of all Florida residents duped by Park West, a group which falls squarely within the broader class described in this litigation. The Washington plaintiffs seek to represent a nationwide class of persons injured by Park West's practices and allege that the cruise lines and financing companies are all part of a wide-ranging conspiracy to defraud art purchasers. To the extent that the two litigations raise similar claims on behalf of overlapping classes, their active prosecution on opposite sides of the

country raises the very real risk of duplicative efforts, conflicting rulings, and gross inefficiencies for the parties and the courts. Even if an extraordinary level of coordination could be achieved between the courts, such a situation would encourage gamesmanship, where parties rush to raise issues in the court they believe will be most sympathetic to their arguments in the hope of influencing, if not precluding, consideration of the issue in the second venue. Transferring this case to the Southern District of Florida would allow that district to determine how best to avoid delay, confusion, conflict, inordinate expense, and inefficiencies. This factor therefore weighs strongly in favor of transfer.[5]

### 10. Relative Congestion

According to the most recent reports regarding the Judicial Business of the United States Courts, during the twelve-month period ending September 30, 2008, the median time interval from filing a civil case to disposition was 7.1 months in the Western District of Washington and 4.6 months in the Southern District of Florida. See http://www.uscourts.gov/judbus2008/contents.cfm, Table C-5. On the other hand, the Southern District of Florida had a significantly higher percentage of cases pending for three years or more. See http://www.uscourts.gov/judbus2008/contents.cfm, Table C-6. Neither district has a clear advantage or disadvantage when measuring congestion: this consideration is neutral.

### 11. Public Interest in Local Adjudication

Because the parties are spread out across the nation and the alleged misrepresentations and fraudulent sales took place on international waters, neither district has a clear interest in adjudicating this dispute.

**C. Balance of Factors**

Thus, the § 1404(a) analysis points in two different directions. Most of the private

---

[5] Another suit against Park West was filed in Michigan while this motion was pending. Because this litigation was filed first, the Court has not considered transferring this action to Michigan.

ORDER DENYING MOTION TO TRANSFER
VENUE AND STAYING DISCOVERY          -8-

factors are neutral and therefore do not support a transfer. Plaintiff's choice of forum and his contractual forum selection clause with Holland America favor maintaining this case in Washington. The systemic interests, however, favor a transfer in order to avoid duplicative litigation and the risk of inconsistent rulings.

The Court has taken into consideration the competing policy justifications for enforcing forum selection clauses and avoiding duplicative litigation and finds that the interests of justice can be adequately protected at this point by DENYING the motion to transfer venue and STAYING discovery in this matter.[6] The Court will consider the pending dispositive motions (Dkt. # 50, 52, 53, and 54), but will not rule upon plaintiff's motion to compel (Dkt. # 97) during the stay. The parties shall file a joint status report within fifteen days of the Honorable Adalberto Jordan's ruling on the motions currently pending in the Southern District of Florida. The Court may re-visit the venue issue at a later point if the balance of factors shifts based on new and evolving circumstances.

Dated this 29th day of April, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[6] Holland America's request to sever is DENIED.