UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RODNEY J. BLACKMAN, *et al.*, <br><br>    Plaintiffs, <br> v. <br><br> PARK WEST GALLERIES, INC., *et al.*, <br><br>    Defendants. | No. C08-1310RSL |
| DAVID BOUVERAT, <br><br>    Plaintiff, <br> v. <br><br> PARK WEST GALLERY, INC., <br><br>    Defendant. | No. C09-1177RSL |
| PHILIP C. BOHM, *et al.*, <br><br>    Plaintiffs, <br> v. <br><br> PARK WEST GALLERY, INC., *et al.*, <br><br>    Defendants. | No. C09-1178RSL |

```
_____  )
                                 )
DONALD HATTER, et al.,           )
                                 )       No. C09-1242RSL
                    Plaintiffs,  )
         v.                      )
                                 )
PARK WEST GALLERIES, INC., et al.,)
                                 )
                    Defendants.  )
_____  )
```

# ORDER APPOINTING LEAD CLASS COUNSEL
## MDL 2076

WHEREAS, Plaintiffs have filed complaints in the six actions identified in Exhibit A hereto (the "Actions") for alleged violation of RICO, breach of contract, breach of warranty, unjust enrichment, violations of state consumer protection laws and state fine art statutes, statutory fraud, and declaratory judgment; and

WHEREAS, on August 11, 2009, the Judicial Panel on Multidistrict Litigation entered a transfer order pursuant to 28 U.S.C. § 1407 designating this Court as the transferee district for *In re Park West Galleries, Inc., Marketing and Sales Practices Litigation*, MDL 09-2076RSL; and

WHEREAS, counsel for Plaintiffs represent that they have consulted with one another to discuss the efficient prosecution of this litigation and their participation in the prosecution of the litigation; and

WHEREAS, counsel for Plaintiffs have consented to the coordination of these actions for pretrial purposes and to the organization of the Plaintiffs' counsel as set forth herein; and

WHEREAS, in order to promote judicial economy and avoid duplication, the Court finds that it would be appropriate to provide procedures for coordination of the Actions and for appointment of a leadership structure of Plaintiffs' counsel to coordinate the efforts of all Plaintiffs' counsel in these actions;

It is hereby ORDERED as follows:

**A.    Coordination of Related Actions**

1.    Every pleading filed in the Actions shall bear the following caption:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| IN RE: PARK WEST GALLERIES, INC., MARKETING AND SALES PRACTICES LITIGATION | MDL No. 09-2076RSL |
|---|---|
| THIS DOCUMENT RELATES TO: | |

2.    When a pleading or other court paper is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to applicable to less than all of such actions, the separate caption and docket number for each individual action to which the pleading is intended to be applicable shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption described above.

3.    When a case that arises out of or relates to the same subject matter of the Actions is hereinafter filed in this Court or transferred from another court, Lead Class Counsel shall mail, fax, or e-mail a copy of this Order and the Order Setting Trial & Related Dates to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case.

4.    This Order and the Order Setting Trial & Related Dates shall apply to any case that is related to the subject matter of the Actions unless a party objects to coordination or any provision of the Orders. Any objection to this Order shall be made within ten (10) days after the date upon which a copy was served on counsel for the party, by filing an application for relief

with the Court. Nothing in the foregoing shall be construed as a waiver of a defendant's right to object to coordination of any previously filed or transferred related action.

**B.      Organization of Plaintiffs' Counsel**

5. The Court appoints Hagens Berman Sobol Shapiro LLP to serve as Lead Class Counsel in this litigation.

6. The law firms of Sweetnam LLC, Khorrami Pollard & Abir, LLP, Chimicles & Tikellis LLP, and The Miller Law Firm, P.C., are hereby designated as members of Plaintiffs' Executive Committee. Sweetnam LLC and Chimicles & Tikellis LLP shall serve as Co-Chairs of the Executive Committee.

7. Plaintiffs' Lead Class Counsel, after consultation and with the advice and consent of the Executive Committee, shall be responsible for coordinating and organizing Plaintiffs in the conduct of this litigation as to all claims and, in particular, shall have the following responsibilities:

    a. To draft amended pleadings in each of the Actions so that the allegations and claims are aligned and this litigation can proceed in a coordinated, efficient manner;

    b. To brief and argue motions and file opposing briefs in proceedings initiated by other parties;

    c. To initiate and conduct discovery proceedings;

    d. To act as spokesperson at pretrial conferences;

    e. To negotiate with defense counsel with respect to settlement and other matters;

    f. To call meetings of Plaintiffs' counsel when appropriate;

    g. To make all work assignments to Plaintiffs' counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

    h. To assure that all Plaintiffs' counsel are kept informed of the progress of this litigation as necessary;

i. To conduct trial and post-trial proceedings;

j. To consult with and employ experts;

k. To coordinate the filing of any joint fee petition by Plaintiffs' counsel;

l. To perform such other duties and undertake such other responsibilities as it deems necessary or desirable; and

m. To coordinate and communicate with defendants' counsel with respect to matters addressed in this paragraph.

8. The Executive Committee shall be consulted by Lead Class Counsel on substantive issues to assist in the responsible and efficient prosecution of the litigation. Lead Class Counsel shall seek the advice and consent of the Executive Committee in connection with major decisions regarding the prosecution and/or settlement of the litigation.

9. Lead Class Counsel and the Executive Committee shall together select working groups or committees to further the efficient prosecution of the litigation as is deemed necessary based on their collective judgment and consideration.

10. All counsel representing plaintiffs shall maintain accurate and contemporaneous records of their time spent in this litigation and shall submit monthly time and expense reports to the Co-Chairs of the Executive Committee no later than 20 days after the end of each month. The failure to maintain such records and submit timely reports may result in such time or expenses being disallowed for purposes of any fee petition. The Co-Chairs of the Executive Committee shall provide on a monthly basis to Lead Class Counsel (and other members of the Executive Committee upon request) an aggregate report of all time spent by Plaintiffs' counsel. Counsel shall avoid duplication of efforts, over-staffing, and pointless motions practice. Time deemed unjustified or wasteful, even if properly recorded, will be disallowed by the Court.

11. Lead Class Counsel, after consultation and with the advice and consent of the Executive Committee, shall assess the amounts necessary for common litigation costs necessary for the efficient and effective prosecution of the litigation and shall collect and maintain

assessments from members of the Executive Committee.  Absent agreement between Lead Class Counsel and the Executive Committee to the contrary, Lead Class Counsel and members of the Executive Committee shall make equal contributions to the common litigation fund.  The failure to timely pay assessments may result in removal from membership on the Executive Committee.

       12.     No communications between Lead Class Counsel, members of the Executive Committee, and other counsel representing plaintiffs in any cases consolidated or coordinated with this litigation shall act as a waiver of any privilege or protection to which they are otherwise entitled.

       13.     The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such, in accordance with the Federal Rules of Civil Procedure.  The terms of this Order and the coordination ordered herein shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

Dated this 26th day of October, 2009.

*(signature)*
Robert S. Lasnik
United States District Judge

# EXHIBIT A

*Rodney J. Blackman, et. al. v. Park West Galleries, Inc., et al.*, C.A. No. 2:08-1310

*David Bouverat v. Park West Gallery, Inc.*, C.A. No. 1:08-21331

*Joseph Bohm, et al. v. Park West Gallery, Inc., et al.*, C.A. No. 2:09-11392

*Bruce Alleman, et al. v. Park West Galleries, Inc., et al.*, C.A. No. 2:09-cv-12896 *

*Sean Mullen v. Park West Galleries, Inc., et al.*, C.A. No. 2:09-cv-12947 *

*Donald Hatter, et. al. v. Park West Galleries, Inc., et al.*, C.A. No. 2:09-cv-12983 *