UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: PARK WEST GALLERIES, INC., MARKETING AND SALES PRACTICES LITIGATION | MDL No. 09-2076RSL |
| THIS DOCUMENT RELATES TO: All Actions. | ORDER GRANTING PARK WEST'S MOTION TO COMPEL |

This matter comes before the Court on "Park West's Motion to Compel Better Initial Disclosures from All Plaintiffs." MDL09-2076, Dkt. # 166. Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), plaintiffs were required to provide "a computation of each category of damages claimed" and to make available "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based . . . ." In response, plaintiffs state that they:

> seek monies paid for overvalued, worthless or inauthentic artwork and Appraisals, actual damages, statutory damages, punitive or treble damages, pre-judgment interest, post-judgment interest, and other equitable and/or injunctive relief as appropriate. For example, these damages will account for differences between the actual value of artwork and the misrepresented value of artwork. In addition, Plaintiffs seek an award of attorney's fees, including all reasonable costs and litigation expenses. In no event will such damages be less than the greater of each class member's actual damages, plus pre- and post-judgment interest, for the class period together with attorneys' fees (in the event any benefits are achieved for the class) and costs. Plaintiffs are unable to calculate specific amounts of these

ORDER GRANTING PARK WEST'S
MOTION TO COMPEL

>damages until they obtain further discovery from Defendants. Plaintiffs will supplement this response after the damages work-up is complete.

Decl. of Paul J. Schwiep (Dkt. # 167) at 12, 19, 26, 33, 39-40, and 46-47. These disclosures are clearly insufficient. Although various categories of damages are claimed, they are neither defined nor computed. It is not clear, for example, whether "monies paid for overvalued, worthless and inauthentic artwork" is a subset of "actual damages" or whether these clauses represent two distinct, non-duplicative categories of damage. Nor have plaintiffs computed the amount of any category of damage or provided any documents on which such computations could be based. Merely providing a possible methodology for the calculation of damages (each class member's actual damages, plus pre- and post-judgment interest, plus attorney's fees and costs) is not enough. See In re Oakwood Homes Corp., 340 B.R. 510, 540-41 (B.R. Del. 2006).

Plaintiffs argue that they are "unable to calculate specific amounts of these damages until they obtain further discovery from Defendants" and promise to "supplement this response after the damage work-up is complete." Dkt. # 200 at 2. This argument falls under the heading "Unacceptable Excuses." Fed. R. Civ. P. 26(a)(1)(E) ("A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures."). In keeping with Fed. R. Civ. P. 11(b), plaintiffs must have evidence to support the loss allegations in their complaints, whether the evidence was obtained from their "independent Internet searches" or through a third-party appraisal. If this is not the case, "there is a far more troubling problem" than a simple failure to adequately disclose under Rule 26(a)(1). In re Oakwood Homes Corp., 340 B.R. at 542. Moreover, plaintiffs have not explained how their individual damage calculations depend on information in the possession of another party. Their proposed methodology for calculating damages subtracts the actual value of the artwork from the price paid. Plaintiffs know what they paid for the artwork and have

ORDER GRANTING PARK WEST'S
MOTION TO COMPEL                      -2-

conducted research and, in some cases, third-party appraisals to estimate its actual value. Unless plaintiffs intend to rely on defendants for an accurate statement of the artwork's value (which seems unlikely in the circumstances), they need not wait for information from defendants before estimating their individual damages.[1]

Finally, plaintiffs argue that the information they have regarding the actual value of the artwork is based on the findings of non-testifying experts and therefore need not be disclosed.  Plaintiffs make no attempt to support the unstated assumption that the third-party appraisers were "retained or specially employed by [plaintiffs] in anticipation of litigation . . . ." Fed. R. Civ. P. 26(b)(4)(B).  According to the complaints, individual plaintiffs decided to have their artwork appraised after the New York Times published an article regarding Park West's marketing and sales practices.  There is no indication that litigation was planned at the time or that the individual plaintiffs retained the appraisers because of the prospect of litigation.  In re Grand Jury Subpoena, v. Torf, 357 F.3d 900, 907 (9th Cir. 2003).  Even if the appraisers were retained to prepare for litigation (which they were not), Rule 26(b)(4)(B) precludes discovery of expert opinions through interrogatories and depositions, not initial disclosures.  Rule 26(a)(1)(A)(iii) excepts from its reach only privileged or protected documents, such as the actual appraisal report.  All information known to plaintiffs regarding actual value, including the value ascribed by the appraisers and any other information gleaned from the internet or other sources, would still have to be disclosed.

For all of the foregoing reasons, Park West's motion to compel is GRANTED. Plaintiffs shall, within fourteen days of the date of this order, provide a computation of each category of damage claimed by the individual plaintiffs.  The computations may be amended as

---

[1] Class damages are more difficult to compute and depend on information within defendants' possession, such as the number, types, and prices of artwork sold during the class period.  Plaintiffs need not attempt to calculate a specific dollar amount for class-wide damages.

ORDER GRANTING PARK WEST'S
MOTION TO COMPEL                                -3-

discovery progresses, but they must reflect a good faith effort to estimate the various categories of damage based on the information currently known to plaintiffs. No class-wide computation need be attempted.

> Dated this 17th day of May, 2010.
>
> /s/ Robert S. Lasnik
> Robert S. Lasnik
> United States District Judge

ORDER GRANTING PARK WEST'S
MOTION TO COMPEL             -4-