1
2
3
4
5
6
7

                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
                                 AT SEATTLE

_____
                                                    )
8   In re:  PARK WEST GALLERIES, INC.,              )    MDL No. 09-2076RSL
9   MARKETING AND SALES PRACTICES                   )
    LITIGATION                                       )
    _____         )
10  THIS DOCUMENT RELATES TO:                       )    ORDER DENYING PLAINTIFFS'
                                                    )    MOTION TO AMEND COMPLAINT
11                                                   )
    Blackman v. Park West Galleries, Inc.,          )
12  Case No. C08-1310RSL.                            )
    _____         )
13

14          This matter comes before the Court on "Plaintiffs' Motion for Leave to Amend

15   Complaint."  MDL09-2076, Dkt. # 209.  Plaintiffs seek to rescind the cruise ticket and sales

16   contracts and to add allegations in support of their existing claims.  Having reviewed the

17   memoranda and exhibits submitted by the parties,[1] the Court finds as follows:

18   **A. MODIFICATION OF THE CASE MANAGEMENT SCHEDULE**

19          After this multi-district litigation was transferred to this district, the Court issued a

20   case management order setting January 15, 2010, as the deadline for amending pleadings and

21   joining additional parties.  Dkt. # 31.  Because plaintiffs seek to amend their pleading after the

22   deadline established by the Court, they must show good cause pursuant to Fed. R. Civ. P.

23   16(b)(4).

24   _____

25          [1] This matter can be decided on the papers submitted.  Park West's request for oral argument is
     DENIED.
26
     ORDER DENYING PLAINTIFFS'
     MOTION TO AMEND COMPLAINT

Despite the significant passage of time since the original complaint was filed, this litigation remains in its infancy.  Plaintiffs have not delayed or been dilatory in the prosecution of their causes of action.  Almost as soon as the motions to dismiss were ruled upon, plaintiffs sought leave to amend their pleading.  Discovery has barely begun, and there is no reason to assume that an amendment at this time would require any duplication of effort or otherwise increase the costs of this litigation.  The Court finds that, given the nature of this case and the related actions, plaintiffs have shown good cause for modification of the case management deadline.

**B.  LEAVE TO AMEND UNDER FED. R. CIV. P. 15(A)**

Courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  There is a "strong policy in favor of allowing amendment" after "considering four factors:  bad faith, undue delay, prejudice to the opposing party, and the futility of amendment."  Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).[2]  The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  Amendment will be denied, however, "when the movant presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally."  Vincent v. Trend W. Tech. Corp., 828 F.2d 563, 570-71 (9th Cir. 1987) (internal quotation marks omitted).  The cruise line defendants argue that the proposed amendment would be futile and manifests bad faith.  Park West argues that all of the relevant considerations except bad faith militate against allowing the amendment.

**1.  Cruise Line Defendants**

Plaintiffs' claims against the cruise line defendants were dismissed because they

---

[2]  The Ninth Circuit also takes into consideration whether plaintiff has previously amended the complaint.  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

ORDER DENYING PLAINTIFFS'
MOTION TO AMEND COMPLAINT                    -2-

are barred by the suit limitation provision contained in the cruise ticket contracts.  In order to overcome this defect, plaintiffs now allege that the cruise ticket contracts were fraudulently induced and seek to invalidate the contracts.  In particular, plaintiffs allege that "[w]ithout Defendants' fraudulent material misrepresentations and material omissions regarding value, investment potential and appraisal value of the artwork, Plaintiffs and the Class members would not have entered into the contracts, and are entitled to, among other things, rescission of the contracts . . . ."  Proposed Third Amended Compliant at ¶ 9.

To determine whether a proposed amendment is futile, the Court evaluates whether the revised allegations would survive a motion to dismiss.  Nunes, 375 F.3d at 808.  Plaintiffs' allegations of fraudulent inducement are not plausible under Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-55 (2007), and Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1951 (2009). Any misrepresentations or omissions made at sea could not have caused passengers to enter into their cruise ticket contracts.  All evidence shows that the cruise ticket contracts were in place and enforceable before the ships left their home ports, and plaintiffs make no effort to explain the causal connection they so blithely allege.  The factual allegations of the proposed complaint do not give rise to a reasonable inference that defendants fraudulently induced plaintiffs to enter into the cruise ticket contracts.  Twombly, 550 U.S. at 556; Iqbal, 129 S. Ct. at 1949.

At various points in the proposed complaint, plaintiffs allege that "[s]ince Plaintiffs and Class members' purchases of Park West artwork and appraisals were induced by the fraudulent conduct of [defendants], any Cruise Ticket contract limiting the time to bring suit is unconscionable and unenforceable and should be invalidated."  See, e.g., Proposed Third Amended Complaint at ¶ 336(e).  This argument was considered and rejected in the orders granting the cruise line defendants' motions to dismiss and will not be reconsidered here.

The allegations added in the Proposed Third Amended Complaint cannot save plaintiffs' claims against the cruise line defendants.  Because those claims would again be

ORDER DENYING PLAINTIFFS'
MOTION TO AMEND COMPLAINT                    -3-

subject to dismissal, amendment would be futile.

**2. Park West**

Pursuant to the Restatement (Second) of Contracts § 164, "[i]f a party's manifestation of assent is induced by either a fraudulent or a material misrepresentation by the other party upon which the recipient is justified in relying, the contract is voidable by the recipient." The Proposed Third Amended Complaint includes allegations of material misrepresentations on which plaintiffs justifiably relied and seeks rescission of the sales contracts plaintiffs subsequently entered into with Park West.

Park West argues that, even if one assumes that the sales contracts were at one time voidable by plaintiffs, they lost the power to avoid the contracts through both affirmance and delay. The Court agrees. The power of a party to avoid a contract for fraudulent misrepresentation is lost if, after he knows of the fraudulent misrepresentation, (a) he acts with respect to any property he received under the contract in a manner inconsistent with disaffirmance or (b) he does not within a reasonable time notify the other party that he intends to avoid the contract. Restatement (Second) of Contracts § 380 and § 381. As far as the Court is aware, none of the plaintiffs offered to return the artwork purchased from Park West, although plaintiffs Barton and Intha demanded refunds of all or part of the purchase price. Until very recently, plaintiffs conducted themselves and this litigation as if the sales contracts were valid, seeking to enforce some provisions while avoiding others. This conduct was inconsistent with rescission.

Plaintiffs' recent demand for rescission is also untimely. Despite believing that they had been defrauded by Park West as far back as mid-2008, plaintiffs did not give notice that they intended to seek rescission until July 2010. Plaintiffs were in full possession of the facts justifying a claim of rescission over two years ago. Instead, they filed a lawsuit seeking numerous forms of relief and asserting a broad array of claims against Park West: rescission

ORDER DENYING PLAINTIFFS'
MOTION TO AMEND COMPLAINT                -4-

1   was not sought.  In these circumstances, a two year delay in manifesting an intention to avoid

2   the sales contracts was not reasonable.

3           Because the claim for rescission added in the Proposed Third Amended Complaint

4   cannot save plaintiffs' claims against Park West, the proposed amendment would be futile.

5   **3. Allegations Regarding Cruise Line Control Over Park West**

6           The proposed complaint contains "update[d] factual allegations to reflect what

7   Plaintiffs have learned in discovery since the filing of the Second Amended Class Action

8   Complaint about the Cruise Lines' control and participation in the art-at-sea auction scheme."

9   Motion at 1-2.  These allegations do not save any of the claims that were dismissed on June 25,

10  2010, and need not be pled in support of the remaining claims.

11

12          For all of the foregoing reasons, plaintiffs' motion for leave to amend their

13  complaint is DENIED.

14

15          Dated this 15th day of September, 2010.

16                                  *Mnt S Casnik*

17                                  Robert S. Lasnik
                                    United States District Judge
18

19

20

21

22

23

24

25

26

ORDER DENYING PLAINTIFFS'
MOTION TO AMEND COMPLAINT              -5-