1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
In re:  PARK WEST GALLERIES, INC.,      )        MDL No. 09-2076RSL
MARKETING AND SALES PRACTICES         )
LITIGATION                                        )
_____)
                                                    )        ORDER DENYING PARK
THIS DOCUMENT RELATES TO:            )        WEST'S MOTION TO COMPEL
                                                    )        ARBITRATION
Blackman v. Park West Galleries, Inc.,       )
Case No. C08-1310RSL.                          )
_____)

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

        This matter comes before the Court on "Park West's Motion to Compel

Arbitration."  MDL 09-2076RSL, Dkt. # 91; C08-1310RSL, Dkt. # 163.  After this motion was

filed, the Court dismissed most of plaintiffs' claims, including all claims against defendants

PWG Florida, Inc., Vista Art, LLC, and Fine Art Sales, Inc., and all claims arising out of Park

West's sales of art work at sea.  The Court has therefore considered defendant's motion only

insofar as it relates to the remaining claims.

        Park West argues that Mr. and Mrs. Davidson, Mr. Lee, and Mrs. Barton entered

into binding arbitration agreements when they purchased artwork from Park West, and that these

plaintiffs should be compelled to participate in arbitration in Miami-Dade County, Florida.

Plaintiffs respond that they never agreed to the arbitration provisions, that the provisions are

unconscionable, and that Park West's proposed forum is inadequate to provide relief because the

American Arbitration Association ("AAA") no longer accepts consumer financial services

ORDER DENYING PARK WEST'S
MOTION TO COMPEL ARBITRATION

1  arbitration cases.  Taking the evidence in the light most favorable to plaintiffs, the relevant facts
2  are as follows:

3       Mr. and Mrs. Davidson signed invoices containing arbitration provisions while on
4  a cruise in August 2008.[1]  Decl. of Mary Courson (MDL09-2076RSL Dkt. # 94) at 42-51.  The
5  arbitration provisions are printed on the front of the invoices, directly above the signature lines.
6  The reverse sides of the invoices also contain language indicating that any claims or disputes are
7  subject to arbitration pursuant to the arbitration provision.  Mr. Lee signed an invoice while on a
8  cruise in February 2008 that contains arbitration language identical to that included in the
9  Davidsons' invoices.  Id. at 70-71.  An invoice apparently issued to Mrs. Barton at a land-based
10 auction in April 2007 does not have an arbitration provision on the front of the invoice.  Id. at
11 74.  The reverse side of this invoice states that "[a]ny and all claims or disputes are subject to the
12 arbitration provision set forth in this auction invoice" and "[i]n the event of any claims or
13 disputes of any kind, the buyer agrees to submit any such claims or disputes to arbitration
14 pursuant to the arbitration of claims and disputes provision set forth in this auction invoice."  Id.
15 at 75.

16      Plaintiffs' claims for damages arising out of sales that occurred at sea have been
17 dismissed.  Thus, the only contract still at issue is the April 1, 2007, invoice issued to Mrs.
18 Barton.

19

20      Arbitration "is a matter of consent, not coercion."  Volt Info. Scis., Inc. v. Bd. of
21 Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989).  Unless the parties agree to
22 submit the issue of arbitrability to arbitration, the Court must determine whether an agreement to

23

24       [1]  One of the invoices presented by Park West is unsigned.  Id. at 40-41.  The Davidsons also
25 purchased art two land-based auctions, but there were no arbitration provisions associated with those
   sales.
26
ORDER DENYING PARK WEST'S
MOTION TO COMPEL ARBITRATION          -2-

arbitrate exists.  <u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938, 943 (1995).  "When the validity of an arbitration agreement is challenged, the court should 'apply ordinary state-law principles that govern the formation of contracts.'"  <u>Luna v. Household Fin. Corp. III</u>, 236 F. Supp. 2d 1166, 1173 (W.D. Wash. 2002) (<u>quoting</u> <u>Circuit City Stores, Inc. v. Adams</u>, 279 F.3d 889, 892 (9th Cir. 2002)).

Although there is no arbitration provision on the front of the April 2007 invoice, the document nonetheless contains a promise to arbitrate.  The reverse side states, "[i]n the event of any claims or disputes of any kind, buyer agrees to submit any such claims or disputes to arbitration . . . ."  Decl. of Mary Courson (MDL09-2076RSL Dkt. # 94) at 75.  There is a genuine issue of material fact regarding whether plaintiff consented to even this minimal indication of an intent to arbitrate, however.  Mrs. Barton states that the signature on the invoice is neither hers nor her husband's.  The signature is markedly different than the only other exemplar in the record (<u>Id.</u> at 72), and Park West offers no evidence in support of its contention that one of the Bartons signed the invoice.  Where plaintiffs deny the very existence of the contract containing an arbitration provision, compelling arbitration "would be inconsistent with the 'first principle' of arbitration that 'a party cannot be required to submit [to arbitration] any dispute which he has not agreed so to submit.'"  <u>Three Valleys Mun. Water Distr. v. E.F. Hutton & Co., Inc.</u>, 925 F.2d 1136, 1142 (9th Cir. 1991) (<u>quoting</u> <u>AT&T Techs., Inc. v. Communications Workers</u>, 475 U.S. 643, 658 (1986)).  There being a genuine issue of material fact regarding the formation of the contract, plaintiffs cannot be compelled to arbitrate this threshold issue.  <u>Id.</u> at 1140-41.

ORDER DENYING PARK WEST'S
MOTION TO COMPEL ARBITRATION          -3-

1    For the foregoing reasons, Park West's motion to compel arbitration is DENIED.

2

3    Dated this 17th day of September, 2010.

4

5    Robert S. Lasnik
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING PARK WEST'S
MOTION TO COMPEL ARBITRATION          -4-